IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD RICHARD MCCLINTON, § | | |
| TDCJ #449800, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-2022 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
|     Respondent.[1] § | | |

## ORDER TO TRANSFER

The petitioner, Edward Richard McClinton, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). McClinton has filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Although he references a judgment entered him in 1989, he does not challenge that conviction or the validity of his sentence. Rather, he contests the manner in which prison officials are executing his sentence. Therefore, the Court construes his petition as one challenging the length of his incarceration, which is governed by 28 U.S.C. § 2241. As such, this Court lacks jurisdiction over the petition for reasons that follow.

McClinton is confined pursuant to more than one judgment and sentence by a state court in Texas, which has more than one federal district. "A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison

---

[1]     The petition names former Executive Director Gary Johnson as the respondent. Because McClinton is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes Director Doug Dretke as the proper respondent.

authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To entertain a habeas corpus petition under 28 U.S.C. § 2241, "the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). McClinton is currently incarcerated at the Stiles Unit. That facility is located in Beaumont, which is within the jurisdictional limits of the United States District Court for the Eastern District of Texas, Beaumont Division. 28 U.S.C. § 124(c)(2). Because the applicant is not incarcerated within the Southern District of Texas, Houston Division, this Court has no jurisdiction over the subject matter of the pending habeas corpus petition. *See Gabor*, 905 F.2d at 78.

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It appears that the interests of justice would be served if this petition were transferred to the district where petitioner is incarcerated. Therefore, the Clerk is **ORDERED** to transfer this petition for a writ of habeas corpus to the Clerk of the United States District Court for the Eastern District of Texas, Beaumont Division.

It is further **ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

The Clerk's Office will send a copy of this order to the parties.

SIGNED at Houston, Texas, on **June 13, 2005**.

_____
Nancy F. Atlas
United States District Judge